**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 08-60905 |
| | : | Chapter 7; Judge Preston |
| Pharmaceutical Alternatives, Inc. | : | |
| | : | |
| Debtor | : | |

**MOTION OF WILLIAM B. LOGAN, JR., TRUSTEE, TO SELL ANY AND ALL RIGHTS, TITLE AND INTEREST TO CLAIMS AND LITIGATION AGAINST MEDICAL MUTUAL OF OHIO FREE AND CLEAR OF ANY LIENS AND ENCUMBRANCES**

William B. Logan, Jr., Trustee in the above-captioned action ("Trustee") moves this Court, under the authority of 11 U.S.C. Section 363(b) and (f) and under the authority of Bankruptcy Rule 9019, for an order authorizing the Trustee on behalf of the Bankruptcy Estate, to sell to Cardinal Health ("Cardinal"), or its designee, all rights, title and interest to claims and litigation of the Debtor and of the Bankruptcy Estate against Medical Mutual of Ohio ("MMO"), free and clear of any liens and encumbrances.  The claims and litigation which are being sold to Cardinal shall be referred to in this motion as the "Assets", and they are comprised of the following:

1. Any and all claims and causes of action by or on behalf of the Debtor in this proceeding and/or by or on behalf of the Bankruptcy Estate of Pharmaceutical Alternatives, Inc. ("PAI"), against MMO;

2. Any and all claims, counterclaims, cross-claims, third party claims, and/or any other rights which have been asserted or which might be asserted in the adversary proceeding pending in this Court, known as Case No. 08-02367, Northcoast Health Care Management Services, LTD., Plaintiff v. PAI, et al., Defendants;

1

3. Any and all claims, counterclaims, cross-claims, third party claims, and/or any other rights which have been asserted or which might be asserted in the state court proceeding known as PAI, Plaintiff v. MMO, Defendant, Case No. 06-CIV-525, Common Pleas Court of Coshocton County;

4. Any and all books, records, electronic and written items, hard drives, documents, ledgers, postings and writings (electronic and manual), including but not limited to items created or received by anyone at or on behalf of PAI and its affiliates, which are necessary or appropriate for the litigation of these cases.

5. It is the intention of this motion to sell all claims and rights which the Debtor and the Bankruptcy Estate have against MMO, in whatever form those rights may take, whether already asserted or which could be asserted, and this motion and any order approving this motion should be construed in the broadest possible manner.

6. The Assets shall be subject to the claims and counterclaims of MMO in the litigation, but only as alleged offsets or rights of recoupment, and Cardinal is not assuming or accepting any direct liability for any obligations which PAI has or might have to MMO, in connection with the Assets or otherwise.

The initial purchase price of the Assets shall be referred to in this Motion and Memorandum as the Initial Consideration, and shall be payable as follows:

1. The amount of $15,000 (Fifteen Thousand Dollars) which shall be payable by Cardinal to the Trustee on behalf of the Bankruptcy Estate, within fifteen (15) days after entry of a final, non-appealable order approving this sale of Assets. This amount shall be deposited by the Trustee into the estate's cash collateral account, which account is subject to existing liens to creditors holding allowed secured claims in this proceeding;

2. The amount of $5,000 (five thousand dollars) which shall be payable by Cardinal to the Trustee on behalf of the Bankruptcy Estate, within fifteen (15) days after the filing of this Motion. This amount is to be used for the purpose of reimbursing the Bankruptcy Estate for the services of the Trustee and counsel for the Trustee in performing the tasks necessary to complete the sale and transfer of the Assets to Cardinal, but shall not be required to be reimbursed to Cardinal if the sale is not approved.

3. Additional consideration for the purchase of the Assets is set forth immediately below, but is dependent upon the occurrence of certain events more fully explained in this Motion and the Memorandum in Support.

It is the intention of the Trustee to take action necessary to close this case, after pursuing avoidance actions which the Trustee is in the process of investigating. The Trustee is not able to determine with accuracy exactly when the bankruptcy estate might be closed, but it is likely that this case would be closed long before the final resolution of any litigation between Cardinal and MMO regarding the Assets which are being sold under this Motion. Any amounts payable to the Bankruptcy Estate after the Initial Consideration shall be referred to as the Additional Consideration, and shall be determined as follows:

1. The amount of any gross recovery from the Assets shall be determined (the "Gross Recovery"), based upon the outcome of settlement negotiations or litigation.

2. Out of Gross Recovery, all of Cardinal's attorneys' fees and costs will be paid or reimbursed to Cardinal, resulting in an amount which shall be known as the Net Recovery.

3. Out of the Net Recovery, Cardinal will receive any and all amounts, up to the amount of $1,000,000. If there are no funds left after payment of this amount, then there shall be no Additional Consideration payable to the Bankruptcy Estate.

4. Out of the next $2,710,361.76, the Bankruptcy Estate would receive five percent (5%), and Cardinal would receive the remaining amount (up to $2,575,843.00). If there are no funds left after payment of these amounts, then the amount of the Additional Consideration payable to the Bankruptcy Estate shall be limited to the amount payable under this paragraph.

5. Any amount in excess would be split evenly, with Cardinal receiving 50%, and the Bankruptcy Estate receiving 50%.

Since it is the intention of the Trustee to close this case, in the event that the case has been closed prior to the time of any recovery on the claims against MMO and/or any final resolution of the litigation between MMO and Cardinal on these claims, Cardinal shall report the outcome of the litigation and any recovery to the Office of the U.S. Trustee, which would determine whether and when this case should be reopened, and, if so, whether a trustee should be appointed in the reopened case to determine who should receive any distribution from funds which would be paid to the Bankruptcy Estate. Cardinal shall provide the Office of the United States Trustee with a report, no less often than annually, starting on August 1, 2011, summarizing the status of the litigation, until the litigation has been resolved. The funds available to the Bankruptcy Estate as Additional Consideration shall be kept in an account separate from any cash collateral funds, and shall be payable to unsecured creditors of the Bankruptcy Estate, in the priority to which those creditors are entitled to payment under the United States Bankruptcy Code, and those funds shall be free of any liens or security interests.

Attached hereto is a copy of the proposed order which the Trustee would present to the Court for entry, if the Court approves this motion.

WHEREFORE, the Trustee requests the entry of an order authorizing the Trustee to sell to Cardinal the Assets described in this Motion, under the terms stated in the Motion.

> Respectfully submitted,
>
> **LUPER, NEIDENTHAL & LOGAN**
> **A Legal Professional Association**
>
>
> /s/ William B. Logan, Jr.
> William B. Logan, Jr., Case Attorney
> for William B. Logan, Jr., Trustee
> 50 West Broad Street, Suite 1200
> Columbus, OH 43215
> Supreme Court Number: 0019290
> 614/229-4449

## MEMORANDUM IN SUPPORT OF MOTION

**The Background of This Case**

This case was initiated by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code, on November 5, 2008. A copy of the Summary of Schedules is attached as Exhibit A to this Motion and Memorandum.

A series of cash collateral orders were entered by the Court, with the consent of the creditors which hold security interests and/or liens on the assets of the Debtor (See Dockets No. 47, 102, 129, 142, and 168). These creditors, and the amounts owed to them (as determined from the proofs of claim filed by each creditor), in the order of their priority in the assets of the Debtor are as follows: Huntington National Bank $149,871.22 (Claim No. 28); Capital Wholesale Drug Company $601,943.62 (Claim No. 26); Cardinal Health 113, LLC $2,543,843.67 (Claim No. 33); H.D.Smith Wholesale Company $4,565,264.50 (Claims No. 36

5

and 63); Internal Revenue Service $3,481,052.34 (Claim No. 4). The claim of Huntington National Bank has been paid in full by the Trustee.

At least partially because of the existence of the cash collateral concerns, this Court was actively involved in this case from the outset, and a series of hearings was held regarding cash collateral. These hearings necessarily focused upon the business of the Debtor and its viability to continue as an operating enterprise.

Early in the administration of the Chapter 11, concerns were also expressed regarding the ability of the management of the Debtor to provide complete and accurate reports of the status of the business and of its relative ability to reorganize. These hearings resulted in the agreed appointment of a Chapter 11 Trustee, which appointment occurred on March 25, 2009. William B. Logan, Jr. was appointed as Chapter 11 Trustee on that date.

After that appointment, another series of hearings took place regarding whether the case should continue in Chapter 11, or be converted to Chapter 7, and if it was to be converted, when that conversion would take place. It was never contemplated that the Chapter 11 Trustee would operate the Debtor's business for an extended period of time, and it was never contemplated that the Debtor would be reorganized under Chapter 11 by the Chapter 11 Trustee.

Conversion to Chapter 7 soon became virtually inevitable, with the only decision being when that conversion would take place. That conversion took place on May 18, 2009, and Mr. Logan was re-appointed as Chapter 7 Trustee.

The Trustee, with the continuing knowledge and participation of the secured lenders, began the task of liquidating assets of the Debtor, and paying claims incurred during the administration of the Chapter 11. Close involvement of the secured lenders was an absolute

6

necessity in this case, because virtually all of the assets were subject to liens of the secured creditors.

The most valuable assets of the Debtor consisted of its accounts receivable. The amount of its accounts receivable listed in Schedule B was $15,000,000, and there were also accounts receivable generated during the administration of the Chapter 11 which needed to be collected. Schedule B also indicated that of the $15,000,000 in accounts receivable, obligations allegedly owed by MMO made up approximately $9,000,000 of that total.

The Trustee's first visit to the Debtor's business premises occurred on March 26, 2009. During that visit, the Trustee determined that, in his opinion, the best way to collect these receivables was to maintain some level of continuity by retaining someone in the Debtor's business organization who had a high level of familiarity with the accounts receivable.

The individual identified by the Trustee as the best candidate for this task was Steve Williams, and the Trustee retained the services of Mr. Williams through October 16, 1009. Mr. Williams had been a supervisor with the Debtor, with primary responsibility for collecting accounts receivable. He was familiar with the patients, with the insurance contracts, with the claims, with the antiquated computer system maintained by the Debtor, and with the status of pending disputes regarding the receivables.

It became quickly apparent to the Trustee that the value of the accounts receivable was not going to be anywhere close to $15,000,000, and that any attempt to collect accounts receivable was going to have to concentrate on the collectible receivables, and on resolving the pending disputes.

While attempting to collect receivables, the Trustee, with the assistance of outside counsel hired by the Chapter 11 Debtor in Possession (See Docket No. 81), was able to settle

Case 2:08-bk-60905 Doc 422 Filed 07/07/10 Entered 07/07/10 11:51:01 Desc Main
Document Page 8 of 20

disputes with United Health Care for $1,289,026.90, and thereafter was able to begin paying administrative costs incurred by the DIP during the Chapter 11 administration.

During the Chapter 11, a company known as Northcoast Healthcare Management Services Ltd. ("Northcoast") filed an adversary proceeding, Case No. 08-02367 (the "Adversary Proceeding"), interpleading the Debtor and MMO for the purpose of determining how to distribute $181,000.00 in funds maintained by Northcoast. After many lengthy stipulations extending answer dates, that case is now pending before the Court on a motion of MMO for mandatory abstention.

The issues in the adversary proceeding are related to issues which were pending before the Common Pleas Court of Coshocton County, Ohio, in case No. 06-01525, known as Pharmaceutical Alternatives, Inc., Plantiff v. Medical Mutual of Ohio, et al, Defendants. Pleadings from that proceeding have been filed by MMO, pursuant to a request by this Court, and are attached to Docket No. 47 in that proceeding.

The Trustee, along with Cardinal, attempted to mediate the disputes with MMO in September, 2009 (See Dockets No. 268, 275, 290, 302, 309 and 332), but that mediation was not successful in any way, and the Trustee did not attempt to continue with the mediation after the initial failure to reach any resolution, or even to narrow the issues.

After the failure of the mediation, it became apparent to the Trustee that the secured lenders were not united in the goal of proceeding with litigation with MMO, and the Trustee encouraged the secured lenders to decide whether litigation should be pursued, and, if so, under what conditions. Discussions amongst the secured lenders resulted in the conclusion that Cardinal was the only lender with enough interest in the litigation to agree to take over the litigation and to fund that litigation.

Once Cardinal decided that it would agree to pursue the litigation, Cardinal negotiated the terms of the purchase of the litigation with the Trustee, and with involvement of the Office of the United States Trustee, leading to the filing of this Motion. Cardinal Health 110, Inc., an affiliate of Cardinal, has been designated by Cardinal as the purchaser in this sale, although that designation might change, at the discretion of Cardinal.

The litigation has been highly contentious, resulting in the incurring and/or expenditure of hundreds of thousands of dollars in attorneys' fees by each side, with the prospects of expending additional legal fees in substantial but as yet unknown amounts in order to continue the litigation. The Trustee has been informed that only one deposition was taken in the case, and that deposition had not even been completed. MMO has filed a proof of claim in this case claiming damages of $13,713.884.66 (See Claim No. 38, for details, including a twelve page explanation of the claims, the process for determining the amount of the claim, and the reasoning for the amounts of claims of MMO which are contained in the claim), and has asserted alleged rights of offset and/or recoupment. MMO has taken the position that for the Debtor to prevail, and to be entitled to an affirmative recovery over and above the claims of MMO against the Debtor, the Debtor would have to prove that it has damages exceeding the amounts of MMO's claims against the Debtor. In support of its claims against the Debtor, MMO hired an expert who allegedly took over two years to review and to analyze the validity and nature of medical claims presented to MMO by or on behalf of the Debtor over a period of several years (claims numbering in the many thousands), and MMO has taken the position that the Debtor would have to perform a similar analysis in order to counter the analysis performed by its expert. MMO has asserted the position that it was defrauded by the Debtor on many of these claims, and that it paid many claims under false pretenses or through actual fraud. MMO has taken the position that the

recent federal indictments of former principals of the Debtor (and alleged anticipated additional allegations against some or all of those former principals) serve as an indication of the fraudulent intent of the Debtor in dealing with MMO over a period of many years.

**The Law Supporting the Sale of Litigation Rights**

The Bankruptcy Court for the Southern District of Ohio held that "[t]he sale of estate property under § 363 'is not restricted to tangible personalty.' Rather, § 363(a) contemplates 'that many forms of intangible personalty are included within the trustee's power to use, sell, or lease property of the estate.'" *In re Nicole Energy Servs.*, 385 B.R. 201, 230 (Bankr. S.D. Ohio 2008). The type of property a trustee may sell under § 363 was held to be "very broad in scope and to 'include[s] a trustee's alienation of a chose in action . . . .' Thus, a debtor's sale of litigation claims . . . is permissible." *Id.* (citations omitted) (quoting *In re Dow Corning Corp.*, 198 B.R. 214, 247 (Bankr. E.D. Mich. 1996)(emphasis added). Citing *Stephens Indus., Inc. v. McClung,* 789 F.2d 386, 388 (6th Cir. 1986), the court went on to hold that when a trustee sells a debtor's litigation claim, "the Court must . . . evaluate the sale for a sound business purpose under § 363 and also determine whether the sale meets the fair-and-equitable standard used to analyze compromises under Fed. R. Bankr. P. 9019." *Id.* "Determining whether a sale should be approved under § 363 falls within the sound discretion of the trial court." *Id.* (citing *Stephens Indus.*, 789 F.2d at388) (internal quotation marks omitted). Moreover, "when deciding whether to approve a § 363 sale, a court must expressly find from the evidence presented before [it] at the hearing a good business reason to grant such an application [to sell]. *Id.* (citing *Souther Indus.*, 789 F.2d at 389) (internal quotation marks omitted). And finally, "[t]he party seeking approval of the sale bears the burden of demonstrating that there is a sound business purpose for the sale." *Id.*

Courts in other jurisdictions have also held a trustee may sell its interest in a litigation claim. The Fifth Circuit held that "a trustee may sell causes of action belonging to the estate. Section 363 of the Bankruptcy Code governs the sale, use, or lease of property of the estate, allowing the trustee to sell 'property of the estate,' other than in the ordinary course of business, after notice and a hearing. Section 541 defines 'property of the estate' to include, among other things, 'all legal or equitable interests of the debtor in property as of the commencement of the case.' '[T]he term 'all legal and equitable interests of the debtor in property' is all-encompassing and includes rights of action as bestowed by either federal or state law.' A trustee may sell litigation claims that belong to the estate, as it can other estate property, pursuant to § 363(b)." <u>Cadle Co. v. Mims</u> (In re Moore), 2010 U.S. App. LEXIS 11118, at *7-8 (5th Cir. Tex. June 2, 2010) (quoting 11 U.S.C. § 363(b)(1)) (emphasis added). The Ninth Circuit agrees, holding "[c]auses of action owned by the trustee are intangible items of property of the estate that may be sold. These include causes of action owned by the debtor as of the filing of the case." <u>Simantob v. Claims Prosecutor, L.L.C.</u> (In re Lahijani), 325 B.R. 282, 287 (B.A.P. 9th Cir. 2005) (citing 11 U.S.C. § 541(a)(1)) (emphasis added).

Section 554 (c) and (d) of the United States Bankruptcy Code (11 U.S.C. Section 544) provides that property interests which are not administered at the time of the closing of the case are abandoned upon the closing of the case, unless the Court orders otherwise. The Trustee is requesting that the Court provide for a mechanism which will protect the interests of creditors in the event of a successful outcome of litigation with MMO, while permitting the bankruptcy case to be closed, so that the Trustee and creditors do not have to continue to administer the estate. The Office of the United States Trustee has accepted the responsibility of determining whether and when the case should be reopened.

The Trustee asserts that he has the power to sell the MMO litigation claims free and clear of liens and encumbrances, that the sale of the Assets defined in the Motion is in the best interest of the bankruptcy estate, and that the method of sale along with the follow up procedures identified in the Motion will permit the closing of this case, while still protecting the rights of creditors after the closing of the case.

>Respectfully submitted,
>
>**LUPER, NEIDENTHAL & LOGAN**
>**A Legal Professional Association**
>
>/s/  William B. Logan, Jr.
>William B. Logan, Jr., Case Attorney
>for William B. Logan, Jr., Trustee
>50 West Broad Street, Suite 1200
>Columbus, OH 43215
>Supreme Court Number: 0019290
>614/229-4449

## NOTICE OF RIGHT TO RESPOND WITHIN 21 DAYS

Movant has filed a motion for the Trustee to sell any and all rights, title and interest to claims and litigation against Medical Mutual of Ohio.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult with one.)**

If you do not want the court to grant the Motion, or if you want the Court to consider your views on the Motion, then on or before twenty-one (21) days from the date of the mailing of this Notice, you or your attorney must:

File with the Court a written request for hearing and an objection to the Motion stating therein the basis for your objection.  This pleading must be filed at the Clerk of Courts, United

States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215. If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

>Clerk of Courts
>United States Bankruptcy Court
>170 N. High Street
>Columbus, OH 43215

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also mail a copy to:

William B. Logan Jr., Trustee
Luper Neidenthal & Logan
A Legal Professional Association
50 W. Broad Street, Suite 1200
Columbus, OH 43215

Office of the U. S. Trustee
170 N. High Street
Columbus, OH 43215

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 7, 2010 a copy of the foregoing was served electronically through the Court's ECF system upon the following:

- Daniel M Anderson    danderson@szd.com, sheaberlin@szd.com
- Asst US Trustee (Col)    ustpregion09.cb.ecf@usdoj.gov
- Andria M Beckham    abeckham@bricker.com, aklein@bricker.com
- Robert B Berner    robert.berner@baileycavalieri.com, BR-ECF@baileycavalieri.com
- Jeremy M Campana    jeremy.campana@thompsonhine.com
- Tiffany Strelow Cobb    tscobb@vorys.com, cdfricke@vorys.com
- Patrick Lee DePace    depace.patrick@dol.gov
- James W Ehrman    jwe@kjk.com, newpleadings@gmail.com,rlh@kjk.com,dsb@kjk.com
- Robert C Folland    Rob.Folland@ThompsonHine.com

- Lawrence Hackett    larry.hackett@usdoj.gov
- Bethany Hamilton    USAOHS.ECFColBank@usdoj.gov
- Polly J Harris    pharris@porterwright.com
- Lawrence A Heiser    lheiser@ohlaw.com
- Sherri Blank Lazear    slazear@bakerlaw.com
- William B Logan    wlogan@lnlattorneys.com
- Larry J. McClatchey    lmcclatchey@keglerbrown.com
- Gregory S Pope    Bankruptcy@Pope-Law-Offices.com
- Victoria E Powers    vpowers@szd.com, kstiles@szd.com;dmartin@szd.com
- Christy Prince    cprince@keglerbrown.com
- Susan L Rhiel    pleadings@susanattorneys.com, gailware07@gmail.com
- Kenneth M Richards    krichards@lnlattorneys.com
- Richard T Robol    rrobol@robollaw.com
- Matthew T Schaeffer    matthew.schaeffer@baileycavalieri.com, br-ecf@baileycavalieri.com
- James P Schuck    jschuck@bricker.com, jkostora@bricker.com
- Louis F Solimine    louis.solimine@thompsonhine.com
- Brent A Stubbins    bstubbins@zanesville.law.pro
- Brent A Stubbins    bstubbins@zanesville.law.pro, bs@trustesolutions.com
- Myron N Terlecky    mnt@columbuslawyer.net
- Andrew L Turscak    andrew.turscak@thompsonhine.com
- Mark A Weintraub    mark.weintraub@thompsonhine.com
- David M Whittaker    dwhittaker@bricker.com, dwhittaker@ecf.epiqsystems.com
- David M Whittaker    dwhittaker@bricker.com
- David J Wigham    wigham@ccj.com, ison@ccj.com
- Mary Anne Wilsbacher    MaryAnne.Wilsbacher@usdoj.gov

And served by regular U.S. Mail, postage prepaid, upon the following:

Northcoast Health Care Management
Services, Ltd.
23230 Chagrin Blvd.
Beachwood, OH 44122

Capital Wholesale Drug Company
c/o Porter, Wright, Morris & Arthur LLP
41 South High Street, 31st Floor
Attn: Polly J. Harris, Esq.
Columbus, OH 43215

Pharmaceutical Alternatives, Inc.
238 Main Street
Coshocton, OH 43812

Novis Pharmaceuticals, LLC
5000 SW 75th Avenue, Suite 121
Miami, FL 33155

United States of America on behalf of IRS
Two Nationwide Plaza
280 N High Street 4th Fl
Columbus, OH 43215

Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, Fl 33131

ACU Serve Corp.

Advance Printing

2020 Front Street, Suite 2
Cuyahoga Falls, OH 44223

1349 Delashmut Ave.
Columbus, OH 43212

William Albert
1300 Cassingham Hollow Drive
Coshocton, OH 43812

Anthem BCBS OH Group
P.O. Box 790442
Saint Louis, MO 63179-0442

Ameritech
c/o Collection Bureau of America
25954 Eden Landing Road
Hayward, CA 94545

Aspen Publishing
7201 McKinney Circle
Frederick, MD 21704

Anthem Blue Cross and Blue Shield
ATTN: Joseph Klein
4361 Irwin Simpson Road
Mason, OH 45040

B. Elise Miller
2171 Forest Hill Drive
Coshocton, OH 43812

Arwebb Office Equipment
P.O. Box 5090
Newark, OH 43058

B. Elise Miller
2172 Forest Hill Drive
Coshocton, OH 43812

Barbara B. Miller
PO Box 916
Coshocton, OH 43812

BP Oil Company
P.O. Box 70887
Charlotte, NC 28272-0887

Baxter Laboratories
Baxter Biotech, Hyland Di
1627 Lake Cook Road
Deerfield, IL 60015

Baxter Healthcare
Attn Gail D'Alesandro - DF6/3E
1 Baxter Pkwy
Deerfield IL 60015

Brad Kennedy
6705 Sandy Shores Drive
Loveland, OH 45140

Bethany Hamilton, Esq.
Assistant US Attorney
303 Marconi Blvd., Suite 200
Columbus, OH 43215

Capital Wholesale Drug Company
873 Williams Avenue
Columbus, OH 43212

Cardinal Health 113 LLC
Attn. Debra A. Willet Esq.
VP and Associate General Counsel
7000 Cardinal Place
Dublin, OH 43017

City of Coshocton
Income Tax Division
760 Chestnut Street
Coshocton, OH 43812

Coshocton County Memorial Hospital
1460 Orange Street
Coshocton, OH 43812

15

Coshocton Towne Centre
P.O. Box 795
Coshocton, OH 43812

Emerald Health Network
1301 East 9th Street
Cleveland, OH 44114

Extermital Termite & Pest
P.O. Box 36
West Lafayette, OH 43845

Gemco Medical
P.O. Box 429
Hudson, OH 44236-0429

Guardian Life Insurance
P.O. Box 95101
Chicago, IL 60694-5101

Huntington National Bank
c/o Chris Welch
2361 Morse Rd. NC3W67
Columbus, OH 43229

Huntington National Bank
422 West Main Street
Zanesville, OH 43702

Internal Revenue Service
Attn. Jeffery A. Johnson
200 North High Street, Room 425
Columbus, OH 43215

Internal Revenue Service
Special Procedures Staff
PO Box 1579
Cincinnati OH 45201

Jacobs Vanaman Agency, Inc.
530 Main Street
Coshocton, OH 43812

John Raytis

Cuyahoga County Treasurer
1219 Ontario St, Rm 112
Cleveland OH 44113

Dana Campbell
PO Box 1213
Coshocton, OH 43812

Don Oates
2449 Punderson Dr.
Hilliard, OH 43026

Emerald Health Network
Attn: Jenn Alexinas
222 W Las Colinas Blvd., Suite 600N
Irving TX 75039

Gary Moll
195 Eagles Nest Rd.
Zanesville, OH 43701

Graphic Enterprises, Inc.
3874 Highland Park, NW
North Canton, OH 44720

H. D. Smith Wholesale Drug Co.
PO Box 660277
Indianapolis, IN 46266-0277

Homecare Matters
P.O. Box 327
Galion, OH 44833

Integrated Medical Systems
4926 Paysphere Circle
Chicago, IL 60674

Internal Revenue Service
Insolvencies
PO Box 21126
Philadelphia, PA 19114

J & E Distributors

16

730 Fairmont Ave.  
Zanesville, OH 43701

M.W. Motors, Inc.  
1921 Otsego Ave.  
Coshocton, OH 43812

Medical Mutual of Ohio  
2060 East Ninth Street  
Cleveland, OH 44115-1355

Medical Technology Resources LLC  
C/O Randal D Robinson Esq.  
601 S High St Fl 2  
Columbus OH 43215

Medtronic  
Attn: Finished Goods  
800 53rd Ave., NE  
Minneapolis, MN 55421

Michelle Darner, Treasurer  
Courthouse Annex  
Columbus, OH 43218

Mini-Med  
P.O. Box 54259  
Los Angeles, CA 90054

Nancy Murray  
1690 Bayberry Lane  
Coshocton, OH 43812

National Government Service  
PCU-DME MAC-IN  
Indianapolis, IN 46266

Northcoast Health Care Management Services, Ltd.  
c/o James W. Ehrman  
1375 East 9th Street Suite 2000  
Cleveland OH 44114-1793

Donald K. Oates

865 Orchard Hill Road  
Zanesville, OH 43701

John Kuhn  
337 Wooster Rd.  
Mount Vernon, OH 43050

Laboratory Certification  
1171 Chesapeake Ave.  
Columbus, OH 43212

MD Services, Inc.  
P.O. Box 875  
Hebron, OH 43025

Medical Technology Resources  
101-F Taylor Station Road  
Columbus, OH 43230

Medtronic  
3850 Victoria Street N  
MS 55126  
Shoreview MN 55126

Miller Pharmacy  
234 Main Street  
Coshocton, OH 43812

Moore Wallace  
P.O. Box 93514  
Chicago, IL 60673-3514

National City Bank  
c/o Weltman, Weinberg & Reis Co.  
PO Box 93596  
Cleveland, OH 44101-5596

Nestle USA  
c/o Nancy Reynoso  
800 N Brand Blvd.,  
Glendale CA 91203

Novis Pharmaceuticals, LLC

17

2449 Punderson Dr.  
Hilliard, OH 43026

5000 SW 75 Ave., Suite 12  
Miami, FL 33155

Ohio Department of Taxation  
Attn Bankruptcy Division  
PO Box 530  
Columbus, OH 43266-0030

Ohio Attorney General  
Collections Enforcement Section  
150 E. Gay Street, 21 Fl.  
Columbus, OH 43215

Max Olinger  
1312 S. 13th Street  
Coshocton, OH 43812

Ohio Bureau of Workers Compensation  
Attn Law Section Bankruptcy Unit  
P.O. Box 15567  
Columbus, OH 43215

Overpayment Recovery Service  
P.O. Box 291269  
Nashville, TN 37229-1269

Ohio Department of Job & Family Services  
Attn: Revenue Recovery  
P.O. Box 182404  
Columbus, OH 43218-2404

Personal Touch Home Care--Cincinnati  
Cincinnati, OH 45236

Oles & Associates, LLC  
1328 Dublin Road, Suite 400  
Columbus, OH 43215

Pitney Bowes Credit Corporation  
PO Box 85460  
Louisville, KY 40285-5460

Option Care Inc.  
485 Half Day Road, Suite 300  
Buffalo Grove, IL 60089

Postage By Phone Plus  
P.O. Box 856042  
Louisville, KY 40285-6042

Patricia Moore  
4182 Asbury Ridge Dr.  
Columbus, OH 43230

QS/1 Data Systems  
P.O. Box 6052  
Spartanburg, SC 29304

Personal Touch Home Care--Wooster  
Wooster, OH 44691

John B. Raytis  
730 Fairmont Ave.  
Zanesville, OH 43701

Pitney Bowes Inc  
27 Waterview Dr.  
Shelton CT 06484

Regional Income Tax Agency  
10107 Brecksville Road  
Brecksville, OH 44141

omerene, Burns & Skelton  
309 Main Street  
Coshocton, OH 43812

Renovated Investments  
309 Main Street  
Coshocton, OH 43812

Prince's Wrecker Service  
134 North 5th St.  
Coshocton, OH 43812

Securities and Exchange
175 W Jackson Blvd #900
Chicago IL 60604

Carl Sigel
5388 Riverstyx Road
Medina, OH 44256

Speedway SuperAmerica LLC
PO Box 1590
Springfield, OH 45501

Swiss Valley Oil Company
224 Yoder Ave.
Sugarcreek, OH 44681

Thomson Healthcare
P.O. Box 6911
Florence, KY 41022-6911

U.S. Department of Labor, EBSA
Three Rivers Option Care Simple IRA
Paul C. Baumann, EBSA Cincinnati
1885 Dixie Highway Suite 210
Ft. Wright, KY 41011

US Department of Labor
Employee Benefits Security Admin.
1885 Dixie Highway
Ft. Wright, KY 41011

Welcon
P.O. Box 961013
Fort Worth, TX 76161-0013

James and Darlene Prodan
3872 W. 136th Street
Cleveland, OH 44111

Richard T Robol
Robol Law Office
433 West Sixth Avenue
Columbus, OH 43201

Regional Income Tax Agency
Attn Bankruptcy
P.O. Box 477900
Broadview Heights, OH 44147

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Roetzel & Andress
1375 East Ninth Street
One Cleveland Center 9th Floor
Cleveland OH 44114

Skip's Refuse Service
Box 101
Warsaw, OH 43844

Speedway Superamerica
P.O. Box 740587
Cincinnati, OH 45274

The Cincinnati Life Insurance Company
Cincinnati, OH 45250

Viasys Med Systems-Corpa
100 Chaddick Dr.
Wheeling, IL 60090

Tri-State Hospital Supply
P.O. Box 170
Howell, MI 48843

US Attorney
303 Marconi Blvd
Columbus OH 43215

Universal Home Health
701 South Main St.
Bellefontaine, OH 43311

Securities and Exchange
175 W Jackson Blvd #900
Chicago IL 60604

Carl Sigel
5388 Riverstyx Road
Medina, OH 44256

Speedway SuperAmerica LLC
PO Box 1590
Springfield, OH 45501

Swiss Valley Oil Company
224 Yoder Ave.
Sugarcreek, OH 44681

Thomson Healthcare
P.O. Box 6911
Florence, KY 41022-6911

U.S. Department of Labor, EBSA
Three Rivers Option Care Simple IRA
Paul C. Baumann, EBSA Cincinnati
1885 Dixie Highway Suite 210
Ft. Wright, KY 41011

US Department of Labor
Employee Benefits Security Admin.
1885 Dixie Highway
Ft. Wright, KY 41011

Welcon
P.O. Box 961013
Fort Worth, TX 76161-0013

James and Darlene Prodan
3872 W. 136th Street
Cleveland, OH 44111

Richard T Robol
Robol Law Office
433 West Sixth Avenue
Columbus, OH 43201

Regional Income Tax Agency
Attn Bankruptcy
P.O. Box 477900
Broadview Heights, OH 44147

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Roetzel & Andress
1375 East Ninth Street
One Cleveland Center 9th Floor
Cleveland OH 44114

Skip's Refuse Service
Box 101
Warsaw, OH 43844

Speedway Superamerica
P.O. Box 740587
Cincinnati, OH 45274

The Cincinnati Life Insurance Company
Cincinnati, OH 45250

Viasys Med Systems-Corpa
100 Chaddick Dr.
Wheeling, IL 60090

Tri-State Hospital Supply
P.O. Box 170
Howell, MI 48843

US Attorney
303 Marconi Blvd
Columbus OH 43215

Universal Home Health
701 South Main St.
Bellefontaine, OH 43311

| | |
|---|---|
| R. Brent Martin<br>6659 Pearl Road, Suite 100<br>Cleveland, OH 44130 | WTNS Radio<br>114 North Sixth Street<br>Coshocton, OH 43812 |
| James P Schuck<br>100 S Third St<br>Columbus, OH 43215 | Wholesale Company<br>c/o Tiffany Strelow Cobb, Esq.<br>Vorys Sater Seymour and Pease LLP<br>52 East Gay Street<br>Columbus OH 43215 |
| Jean L Christopher<br>9532 Lakewood Drive NE<br>Mineral City, OH 44656 | |
| Michael W DeWitt<br>77 E Nationwide Blvd<br>Columbus, OH 43215 | |
| Donna M. Fisher<br>2287 Cambridge Rd.<br>Coshocton, OH 43812-9133 | |
| Steven S Williams<br>307 Center St<br>Coshocton, OH 43812 | |

/s/ William B. Logan Jr.
William B. Logan, Jr.