**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-60905 |
| | ) | |
| PHARMACEUTICAL ALTERNATIVES, INC. | ) ) ) | Chapter 7 |
| | ) | Judge C. Kathryn Preston |
| Debtor. | ) ) | |

**COMMENT OF MEDICAL MUTUAL OF OHIO IN RESPONSE TO MOTION OF WILLIAM B. LOGAN, JR., TRUSTEE, TO SELL ANY AND ALL RIGHTS, TITLE AND INTEREST TO CLAIMS AND LITIGATION AGAINST MEDICAL MUTUAL OF OHIO FREE AND CLEAR OF ANY LIENS AND ENCUMBRANCES**

Medical Mutual of Ohio ("MMO"), by and through its undersigned counsel, hereby files its Comment (the "Comment") in response to the Motion (the "Motion") of Trustee, William B. Logan, Jr. (the "Trustee") to sell any and all rights, title and interest to claims and litigation against MMO (the "Litigation") free and clear of any liens and encumbrances. MMO submits its Comment to address issues relevant to the instant chapter 11 case (the "Case"), Adversary Proceeding No. 08-02367 (the "Adversary Proceeding"), and the Trustee's prosecution of claims against MMO.

**BACKGROUND**

The background facts and procedural posture surrounding this dispute have been detailed in multiple filings in this Case and the Adversary Proceeding. *See* Trustee's Motion, pp. 7-10; MMO's Motion for Abstention, AP 08-02367, Docket No. 13; MMO's Notice of Filing State Court Complaints, AP 08-02367, Docket No. 47. Complicated, extensive, and vigorously contested state court litigation between the Debtor and MMO was stayed by the filing of Debtor's Petition and remains pending, in which MMO seeks recovery of millions of dollars of medical and pharmaceutical claims it contends it overpaid due to Debtor's fraud for more than a

11542809.4

decade, while the Debtor contends MMO actually underpaid such claims and by doing so caused Debtor's business to collapse. These claims of the Debtor are the "assets" which the Trustee seeks permission to sell.

## DISCUSSION

Through the Motion, the Trustee seeks to sell any and all claims the Estate holds on behalf of the Debtor against MMO to Cardinal Health ("Cardinal"), or Cardinal's designee, subject to the claims and counterclaims of MMO "only as alleged offsets or rights of recoupment," but not for direct liability. As compensation, the Motion proposes payment of $20,000 from Cardinal to the Trustee, $15,000 for deposit into the estate's cash collateral account, and $5,000 to reimburse the Bankruptcy Estate for the services of the Trustee and his professionals. *See* Motion, pp. 2-3.

The Motion further proposes that, in the event that any Net Recovery[1] is realized from the claims against MMO, Cardinal retains to the first $1,000,000 of such proceeds. Of the next $2,710,361.76 in proceeds, the Bankruptcy Estate would receive five percent and Cardinal would receive the remaining ninety-five percent (up to $2,575,843.00). Any Net Recovery above $3,710,361.76 would be split evenly between the Bankruptcy Estate and Cardinal. *Id*., pp. 3-4.

**A.  The Proposed Compensation Structure Does Not Provide the Highest Benefit to the Estate**

The compensation structure proposed in the Motion only <u>guarantees</u> the Trustee and Estate $20,000 in compensation for the MMO claims. Any further recovery for the Estate is

---

[1] As defined in the Trustee's Motion, Net Recovery will equal recovery from the claims based on the outcome of settlement negotiations or litigation minus Cardinal's attorneys' fees and costs. Note that the attorneys' fees and costs are likely to be rather substantial, particularly given the extensive amount of expert testimony that will be required to establish the claims alleged against MMO.

11542809.4     2

highly speculative. On the other hand, MMO has made the Trustee a straightforward offer of $100,000 to purchase the claims. MMO's offer <u>guarantees</u> the Estate a recovery of $100,000. This is unequivocally the highest offer with the maximum benefit to the Estate.

For the Estate to recover more than $20,000, under Cardinal's proposal, Cardinal's Net Recovery must exceed $1,000,000. For the distribution to the Estate to be more than the $100,000 guaranteed by the MMO offer, the Net Recovery by Cardinal would have to exceed $2,600,000.[2] This is an unrealistic goal. The chances of any further recovery for the Estate beyond the initial $20,000 are remote, at best.

MMO is the victim of fraudulent schemes perpetrated by the Debtor and its owners and officers which has resulted in losses for MMO totaling at least $4,332,669.94.[3] MMO is not alone in this quandary. Numerous other private and public insurers were also victims of these fraudulent schemes, and the Debtor's actions have resulted in state and federal investigations and multiple criminal indictments for the employees and officers of the Debtor. Moreover, MMO's expert witness has already completed a comprehensive claim-by-claim examination of Debtor's claim submissions which has systematically debunked all of Debtor's allegations in the Litigation and there is no remaining legal theory under which the Debtor (or any successor thereto) could recover from MMO.

While MMO is prepared to defend the Litigation no matter who prosecutes the claims, MMO has recently communicated its willingness to pay a settlement figure representing

---

[2] This figure is reached by adding the $20,000 in up front funds, plus 5% of all Net Recovery between $1,000,000 and $2,600,000 ($80,000), as proposed in the Motion.

[3] This is the amount of MMO's contractual claim as calculated by its expert witness. MMO's total claims against Debtor, including treble damages and attorneys' fees, exceed $13.7 million. A detailed explanation of the schemes perpetrated by Debtor and the losses sustained by MMO are set forth more fully in MMO's proof of claim, filed as Claim 38 in Case 2:08-bk-60905.

11542809.4                                    3

projected litigation costs to the Trustee.  This will not be inexpensive litigation to pursue.  Thus, as demonstrated by the correspondence attached hereto as <u>Exhibit A</u>, MMO's offer is in the amount of $100,000, and in the form of immediately available cash.[4]  For all of the foregoing reasons, this amount appears to represent the highest and best offer to the Estate; it provides the most guaranteed money, the most money under all realistic scenarios, and allows the Estate to be finalized and closed without any "reopening" mechanisms such as are necessitated by Cardinal's contingent proposal.

**B.      In the Event the Court Grants the Motion, the Adversary Proceeding Must Be Dismissed**

On January 30, 2009, MMO filed a motion in the Adversary Proceeding requesting the Court abstain from hearing the dispute between MMO and the Estate on the grounds that the claims asserted by the Trustee to the interplead funds in the Adversary Proceeding are the same claims and causes of action asserted in the ancillary state court litigation (the "State Court Litigation"),[5] and because the parties had already completed substantial discovery in the ancillary litigation that would have to be duplicated in the Adversary Proceeding.  *See* MMO's Motion to Abstain, AP 08-02367, Docket No. 13.  The Trustee filed an Objection to MMO's Motion to Abstain on April 5, 2010.  *See* AP 08-02367, Docket No. 39.  MMO subsequently filed a Reply to the Trustee's Objection and a Notice of Filing State Court Complaints, which incorporated over 200 pages of pleadings from the State Court Litigation in support of its Motion to Abstain. *See* AP 08-02367, Docket Nos. 42 and 47.

---

[4] In subsequent communications with the Trustee, MMO indicated it would mirror the Cardinal proposal and pay $5,000 towards the Trustee's expenses associated with this Motion, for a total offer of $105,000.

[5] *Pharmaceutical Alternatives, Inc. dba Three Rivers Infusion v. Medical Mutual of Ohio, et al.*, Coshocton County Common Pleas, Court Case No. 2006CI0525.

In the event the Court grants the Trustee's Motion, Cardinal will substitute in place of the Trustee as the real party in interest to pursue the MMO claims.  The remaining parties to the dispute would then be Cardinal, MMO and Northcoast Health Care Management Services, Ltd., all of which are non-debtor parties.  Under this circumstance, there can be no justification for further litigation of this issue in the bankruptcy court and any disputes with respect to this matter should be combined with the State Court Litigation.

Dated:  September 10, 2010	Respectfully Submitted,

/s/ Robert C. Folland
Robert C. Folland (OH# 0065728)
**THOMPSON HINE LLP**
3700 Key Center
127 Public Square
Cleveland, OH  44114-1291
216.566.5500
216.566.5800 (Facsimile)
robert.folland@thompsonhine.com

-and-

David J. Wigham (OH# 0059672)
Steven J. Shrock (OH# 0060025)
Tricia L. Pycraft (OH# 0075137)
**CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.**
225 North Market St.
Wooster, Ohio 44691
330.264.4444
330.263.9278 (Facsimile)
wigham@ccj.com
shrock@ccj.com
tpycraft@ccj.com

*Attorneys for Medical Mutual of Ohio*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 10, 2010, a copy of the foregoing *Comment of Medical Mutual of Ohio in Response to Motion of William B. Logan, Jr., Trustee, to Sell Any and All Rights, Title and Interest to Claims and Litigation Against Medical Mutual of Ohio Free and Clear of Any Liens and Encumbrances* was served upon all parties registered to receive notice through the Court's ECF system, and by regular U.S. mail to the following:

Northcoast Health Care Management Services, Ltd.
23230 Chagrin Blvd. Suite 550
Beachwood, OH 44122

Pharmaceutical Alternatives, Inc.
238 Main Street
Coshocton, OH 43812

Gary A. Moll
195 Eagles Nest Rd.
Zanesville, OH 43701

*Electronic Service:*
- James W Ehrman jwe@kjk.com, pleadingsjwe@gmail.com,rlh@kjk.com,dsb@kjk.com
- Robert C Folland Rob.Folland@ThompsonHine.com
- James P Schuck jschuck@bricker.com, jkostora@bricker.com
- Mark A Weintraub mark.weintraub@thompsonhine.com
- David J Wigham wigham@ccj.com
- William B Logan wlogan@lnlattorneys.com, wlogan@ecf.epiqsystems.com

                                                /s/ Robert C. Folland
                                                Robert C. Folland
                                                *One of the Attorneys for Medical Mutual of Ohio*